**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

EKBAHADUR GURUNG,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    18-70589

Agency No. A205-847-939

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 9, 2020[**]

Before:  HAWKINS, GRABER, and BYBEE, Circuit Judges.

Ekbahadur Gurung ("Gurung") petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") denial of asylum, withholding of removal and protection under the Convention Against Torture ("CAT").  We deny the petition.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Substantial evidence supports the agency's conclusion that Gurung's testimony was not credible. Gurung's testimony before the IJ regarding a physical attack that occurred in 2007 was inconsistent with his testimony to the asylum officer during his credible fear interview that he fled Nepal in 2005 and had no further contact with the Maoists after that time. Although Gurung contends the BIA erred by relying on the asylum interview for impeachment, the BIA did not err in concluding that the evidence was sufficiently reliable because Gurung was under oath; a sworn translator was present; and the asylum officer took detailed, contemporaneous notes. *See Singh v. Gonzales*, 403 F.3d 1081, 1087–90 (9th Cir. 2005); *Li v. Ashcroft*, 378 F.3d 959, 963 (9th Cir. 2004).

Gurung also testified that his wife still remained in Nepal and had been attacked by Maoists in October 2015, which contributed to his fear to return. However, his own expert psychiatric witness volunteered that Gurung's wife had accompanied Gurung to his first appointment in April 2016, provided the correct name for Gurung's wife, and testified that she had identified herself as Gurung's wife. In light of this testimony, the IJ was not required to credit Gurung's explanation that the witness must have been mistaken or had confused his wife with another woman. Both of these inconsistencies identified by the IJ and relied on by the BIA are significant parts of

2

Gurung's asylum claim and sufficiently support the adverse credibility finding. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

Without credible testimony, Gurung has not established his eligibility for asylum or withholding of removal. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003). With respect to Gurung's CAT claim, the record does not compel the conclusion that Gurung would more likely than not be subjected to torture by or with the acquiescence of the government. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014).

**PETITION DENIED.**